**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WILLIAM JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>TRECORA RESOURCES, KAREN A. TWITCHELL, PATRICK D. QUARLES, NICHOLAS N. CARTER, GARY K. ADAMS, PAMELA R. BUTCHER, ADAM PEAKES, and JANET ROEMER,<br><br>Defendants. | Case No. ______________<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff William Johnson ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1. This is a stockholder action brought by Plaintiff against Trecora Resources ("Trecora" or the "Company") and the members of Trecora's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the Board's attempt to sell Trecora to Balmoral Funds, LLC ("Balmoral Funds") through certain funds associated with its affiliates (the "Proposed Transaction").

2. On May 11, 2022, Trecora entered into an Agreement and Plan of Merger with Balmoral Swan Parent, Inc. ("Parent") and its wholly owned direct subsidiary, Balmoral Swan MergerSub, Inc. ("Merger Sub") (as amended on May 25, 2022, the "Merger Agreement"). Parent and Merger Sub are controlled by certain funds managed by affiliates of Balmoral Funds. Under the terms of the Merger Agreement, Balmoral Funds will acquire Trecora for $9.81 in cash per share of Trecora common stock via a tender offer (the "Tender Offer"). Pursuant to the Merger Agreement, Merger Sub commenced the Tender Offer on May 25, 2022.

3. On May 26, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14D-9 Solicitation/Recommendation Statement (the "Recommendation Statement") with the SEC. Specifically, the Recommendation Statement, which recommends that Trecora stockholders tender their shares in the Tender Offer, contains materially incomplete and misleading information concerning, among other things: (i) the Company's financial projections and the financial analyses that support the fairness opinion provided by the Company's financial advisor, Guggenheim's Securities, LLC ("Guggenheim"); (ii) the background of the Proposed Transaction; and (iii) potential conflicts of interest faced by Company insiders.

4. The failure to adequately disclose such material information constitutes a violation of Sections 14(d), 14(e) and 20(a) of the Exchange Act as Trecora stockholders need such information in order to make a fully informed decision in connection with the Tender Offer.

5. The Tender Offer is currently scheduled to expire at 12:00 a.m., New York City time, on June 24, 2022. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and Trecora's other shareholders to make an informed decision whether to tender their shares in the Tender Offer or seek appraisal. Therefore, Plaintiff seeks to enjoin the expiration of the Tender Offer unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District. Trecora's common stock trades on the New York Stock Exchange, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of shares of Trecora common stock.

10. Defendant Trecora is a Delaware corporation, with its principal executive offices located at 1650 Highway 6 South, Suite 190, Sugar Land, TX 77478. Trecora's shares trade on the New York Stock Exchange under the ticker symbol "TREC."

11. Defendant Karen A. Twitchell has been Chair of the Board and a director of the Company at all relevant times.

12. Defendant Patrick D. Quarles has been President, Chief Executive Officer, and a director of the Company at all relevant times.

13. Defendant Nicholas N. Carter has been a director of the Company at all relevant times.

14. Defendant Gary K. Adams has been a director of the Company at all relevant times.

15. Defendant Pamela R. Butcher has been a director of the Company at all relevant times.

16. Defendant Adam Peakes has been a director of the Company at all relevant times.

17. Defendants identified in paragraphs 11-16 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

18. Trecora manufactures and sells various specialty petrochemicals products and specialty waxes in the United States. The Company operates through two business segments: Specialty Petrochemicals and Specialty Waxes. The Specialty Petrochemicals segment offers hydrocarbons and other petroleum-based products, such as isopentane, normal pentane, isohexane, and hexane used in the production of polyethylene, packaging, polypropylene, expandable polystyrene, poly-iso/urethane foams, crude oil from the Canadian tar sands, and in the catalyst support industry. It also owns and operates natural gas pipelines. The Specialty Waxes segment provides specialty polyethylene waxes for use in the paints and inks, adhesives, coatings, and PVC lubricants; and specialized synthetic poly alpha olefin waxes for use as toner in printers and as additives for candles. This segment also provides custom processing services.

**The Proposed Transaction**

19. On May 11, 2022, Trecora announced that it had entered into the Proposed Transaction, stating, in relevant part:

SUGAR LAND, Texas, May 11, 2022 -- Trecora Resources ("Trecora" or the "Company") (NYSE: TREC), a leading provider of specialty hydrocarbons and specialty waxes, and an affiliate of Balmoral Funds, LLC (together with its consolidated subsidiaries, "Balmoral") today announced that they have entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Balmoral agreed to acquire Trecora for $9.81 per share in cash in a transaction that values the Company at an enterprise value of $247 million, which represents approximately 11.4x our 2021 adjusted EBITDA.

Under the terms of the Merger Agreement, which has been approved by the Trecora Board of Directors (the "Trecora Board"), Balmoral will commence a tender offer to acquire all outstanding shares of Trecora's common stock, par value $0.10 per share (the "Trecora Common Stock") for $9.81 per share in cash. The purchase price represents a 29.9% premium to Trecora's closing stock price on May 10, 2022.

"Under the oversight of our Board of Directors and with the support of our talented team, we have worked diligently to enhance our execution, maximize operating efficiencies and reposition the Company for growth," said Pat Quarles, Trecora's President and Chief Executive Officer. "We are excited to enter this new chapter with Balmoral, which shares our enthusiasm for the future of our business and our opportunities for growth. With Balmoral's support, we remain deeply committed to supporting our customers with the quality and service level they have come to depend on us for."

Karen Twitchell, Chair of the Trecora Board, added, "We are pleased to have reached this agreement with Balmoral. The transaction announced today follows careful consideration and negotiation by the Board and concludes a deliberate and comprehensive strategic review process undertaken over the past seven months with the assistance of our independent financial advisor. Beginning in October 2021, we contacted 72 financial and strategic acquirers and held discussions with a number of parties, including Balmoral, through a formal, competitive process. Our Board believes this transaction maximizes value for shareholders, who will receive a significant premium and immediate and certain value for their shares."

David Shainberg, Managing Director of Balmoral, said, "We are delighted to announce this transaction with Trecora and are eager to execute on its growth plan. Having followed Trecora for years, we're encouraged by its strong customer relationships and product demand. This is Balmoral's fourth acquisition in the chemicals sector and we are excited to contribute to Trecora's continued success as a private company."

"I applaud Trecora's Board of Directors for recognizing alternative value creation opportunities for Trecora and for displaying disciplined attention to its fiduciary duties as representatives of the Company's shareholders," said Bradley L. Radoff, one of the Company's largest shareholders. "I have long thought that the best risk-

adjusted outcome for Trecora and its shareholders is a sale of the Company, and I am proud that my constructive engagement with the Company over the last several months has helped lay the groundwork for this important transaction to unlock shareholder value. I commend the Board for its responsiveness to shareholder input and for conducting a thorough and deliberate process to deliver a transaction at a valuation that I support."

**Conditions and Approvals**

The closing of the transaction is subject to customary closing conditions, including the expiration or termination of certain regulatory periods and the tender of shares representing at least a majority of the Company's outstanding common stock to Balmoral, and is expected to close in the third quarter. Following the successful completion of the tender offer, Balmoral will acquire all remaining shares not tendered in the tender offer through a second-step merger at the same price.

Upon completion of the transaction, Trecora will become a privately held company and shares of Trecora Common Stock will no longer be listed on any market.

Guggenheim's Securities is acting as exclusive financial advisor to Trecora and Morgan, Lewis & Bockius LLP and Vinson & Elkins L.L.P. are serving as legal advisors to Trecora. Piper Sandler & Co. is acting as financial advisor and Blank Rome LLP is acting as legal advisor to Balmoral.

**<u>The Materially Incomplete and Misleading Recommendation Statement</u>**

20. On May 26, 2022, the Board caused to be filed a materially incomplete and misleading Recommendation Statement with the SEC. The Recommendation Statement, which recommends that Trecora stockholders tender their shares in the Tender Offer, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) the financial projections for Trecora and the financial analyses that support the fairness opinion provided by Guggenheim; (ii) the background of the Proposed Transaction; and (iii) potential conflicts of interest faced by Company insiders.

*<u>Material Misrepresentations and/or Omissions Concerning Trecora's Financial Projections and Guggenheim's Financial Analyses</u>*

21. The Recommendation Statement fails to disclose material information concerning the financial projections for Trecora.

22. For example, with respect to the Company's financial projections, the Recommendation Statement fails to disclose the line items underlying the Company's: (i) Adjusted EBITDA; and (ii) Unlevered free cash flow.

23. The Recommendation Statement also fails to disclose material information concerning Guggenheim's financial analyses.

24. With respect to Guggenheim's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose: (i) the projection metric to which the perpetual growth rate range was applied in order to derive the terminal value, and quantification thereof; (ii) the Company's terminal values; and (iii) quantification of the inputs and assumptions underlying the discount rate range of 11.00% to 12.70%.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

25. The Recommendation Statement fails to disclose material information concerning the background leading up to the Proposed Transaction.

26. According to the Recommendation Statement, "[a] total of 26 potential buyers ultimately agreed to and executed non-disclosure agreements containing customary standstill provisions in connection with their participation in the potential sale process." Recommendation Statement at 21. The Recommendation Statement fails, however, to disclose whether the standstill agreements in these non-disclosure agreements, or any other non-disclosure agreements entered into by potential buyers, include a "don't-ask, don't-waive" provision that is still in effect and presently precluding these parties from submitting a topping bid for the Company.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

27. The Recommendation Statement fails to disclose material information concerning Company insiders' potential conflicts of interest.

28. For example, the Recommendation Statement fails to disclose whether any members of Trecora management have secured or are anticipated to secure future employment with the combined company.

29. The Recommendation Statement also fails to disclose the details of any employment and retention-related discussions and negotiations that occurred between Trecora directors and officers and Balmoral Funds, who participated in all such communications, when they occurred and their content. The Recommendation Statement similarly fails to disclose whether any of Balmoral Funds' proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

30. In sum, the omission of the above-referenced information renders statements in the "Certain Company Projections," "Opinion of the Company's Financial Advisor," "Background of the Offer," and "Arrangements between the Company and its Executive Officers, Directors and Affiliates" sections of the Recommendation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of Trecora will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder

31. Plaintiff repeats all previous allegations as if set forth in full.

32. Defendants have caused the Recommendation Statement to be issued with the intention of soliciting Trecora stockholders to tender their shares in the Tender Offer.

33. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

34. Section 14(d)(4) of the Exchange Act states:

> Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

35. SEC Rule 14d-9 sets forth, in relevant part:

> Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

36. Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

37. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

38. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation

Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

39. The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of Trecora, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

### Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act

40. Plaintiff repeats all previous allegations as if set forth in full.

41. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

42. Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement to Trecora stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. Specifically, the Recommendation Statement misrepresented and/or omitted material facts concerning the

Company's financial projections, Guggenheim's financial analyses, the background of the Proposed Transaction, and potential conflicts of interest faced by Company insiders.

43. Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

44. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

45. Plaintiff repeats all previous allegations as if set forth in full.

46. The Individual Defendants acted as controlling persons of Trecora within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Trecora, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

47. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

48. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Recommendation Statement.

49. In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Recommendation Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

50. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

51. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Trecora stockholders will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Trecora, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the expiration of the Tender Offer, unless and until defendants disclose the material information identified above which has been omitted from the Recommendation Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: June 2, 2022

**ACOCELLI LAW, PLLC**

By *\/s/ Richard A. Acocelli*

Richard A. Acocelli
33 Flying Point Road, Suite 131
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com

*Attorneys for Plaintiff*